Matter of Attorneys in Violation of Judiciary Law § 468-a (Bentley) (2025 NY Slip Op 04517)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Bentley)

2025 NY Slip Op 04517

Decided on July 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 31, 2025

PM-165-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Johnda Diane Bentley, Respondent. (Attorney Registration No. 4336657.)

Calendar Date:July 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Johnda Diane Bentley, Potomac, Maryland, respondent pro se.

Motion by respondent for an order reinstating her to the practice of law following her suspension by September 2022 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d 1421, 1424 [3d Dept 2022]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16), and waiving this Court's continuing legal education (hereinafter CLE) requirements contained within Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to May 23, 2025; her supplemental correspondence with enclosure dated July 3, 2025; and the July 1, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant her application. Notwithstanding her satisfaction of the substantive requirements for reinstatement, we deny her request for a waiver of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) and instead direct respondent to (1) demonstrate her completion of six CLE credits in the areas of Skills and/or Law Practice Management (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [d], [e]) that specifically relate to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]); (2) demonstrate her completion of one credit in either the areas of Diversity, Inclusion and Elimination of Bias or Cybersecurity, Privacy and Data Protection (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [g], [h]); and (3) provide proof of her compliance with these conditions to both this Court and AGC within 60 days of this Court's order. Accordingly, it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent's request for a waiver of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) is denied; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the conditions set forth in this decision.
Clark, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur.